NANCY GOODWIN *v.* THOS. WARD.

BURDEN OF PROOF. *Upon whom to show nature of delivery, where deed is in possession of the conveyee.* The possession of a regularly executed deed to land by the conveyee is *prima facie* evidence of its absolute delivery, and in a contest between him and the conveyor as to the nature of the delivery, it devolves upon the latter to rebut this presumption and show that it was conditional.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

The only question in this case is, whether a deed from Nancy Goodwin to Thos. Ward was delivered absolutely or only as an escrow. Complainant admits that she executed it, but she says it was not to be delivered except upon condition that defendant would make a full and fair settlement with her; and that he refused to complete such settlement. She sustains her allegation and her evidence by one witness, Lewis, who was present when the deed was signed, and by another who proves that defendant admitted that Lewis had sworn the truth.

Defendant brings forward the deed, registered upon the probate of two witnesses. He also proves that the settlement was complete and the deed freely delivered, by one witness who was present, and by another, who proves the admission of complainant that she had sold the land and made a deed to defendant.

The possession of the deed by defendant, regularly executed, is *prima facie* evidence of delivery. The

proof of complainant is sufficient to rebut this pre-
sumption, but the proof of defendant fully neutralizes
that of complainant, leaving the case to stand on the
presumption arising from defendant's possession. It
devolved on complainant to sustain her allegation that
the deed was only conditionally delivered. She has
failed to do so. The Chancellor so held, and we
affirm his decree with costs.